Lawrence Spasojevich (LS 0945)
Imran Ansari (IA 1978)
Aidala, Bertuna & Kamins, P.C.
*Attorneys for Plaintiff*
546 5th Avenue
New York, New York 10036
Tele: (212) 486-0011
Email: ls@aidalalaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

HARTIRATH WALIA,

                Plaintiff,

-against-

NAVIKA CAPITAL GROUP LLC
And BLUE SKY HOSPITALITY SOLUTIONS LLC,

                Defendants.

CASE NO.

**COMPLAINT**

ECF Case,

---

Plaintiff, HARTIRATH WALIA, by and through the undersigned attorneys, Lawrence Spasojevich, Esq. and Imran Ansari, Esq., hereby files this Complaint against Defendants, NAVIKA CAPITAL GROUP LLC and BLUE SKY HOSPITALITY SOLUTIONS LLC, (collectively "Defendants"), and states as follows:

1

## INTRODUCTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), Plaintiff is entitled to recover from Defendants: (1) unpaid wages at the overtime wage rate; (2) prejudgment and post-judgment interest; and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, under the New York Labor Law ("NYLL"), Plaintiff is entitled to recover from the Defendants: (1) unpaid wages at the overtime wage rate; (2) statutory penalties; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

3. Finally, Plaintiff alleges that, under 29 U.S.C. § 2615(a), Defendants interfered with and/or retaliated against Plaintiff for exercising her rights under the Family Medical Leave Act (hereinafter "FMLA") by terminating Plaintiff's employment upon her attempts to return to the same or similar position and, therefore, is entitled to recover from the Defendants: (1) statutory damages for lost wages, benefits, and other compensation, plus interest at the statutory rate; (2) liquidated damages equal to the amount of statutory damages awarded above; (3) equitable relief in the form of front pay, as considered by the Court; (5) equitable relief in the form of compensable damage for pain, suffering, and loss as a result of Defendant's violations; and (6) attorneys fees and costs.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b); 29 U.S.C. §2617(a)(2); and, 28 U.S.C. §§ 1331, 1332, 1337, and 1343, and has supplemental jurisdiction over Plaintiff state law claims under 28 U.S.C. § 1367.

5. Venue is proper in the EASTERN DISTRICT pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the Complaint took place in this judicial district.

## PARTIES

6. Plaintiff, HARTIRATH WALIA, is an adult resident of Nassau County, New York.

7. Upon information and belief, Defendant, NAVIKA CAPITAL GROUP LLC, is a domestic business corporation, organized and existing under the laws of the State of New York, with a place of business located at 521E RXR Plaza, Uniondale, New York, 11556.

8. Upon information and belief, Defendant, BLUE SKY HOSPITALITY SOLUTIONS LLC, is a domestic business corporation, organized and existing under the laws of the State of New York, with a place of business located at 521E RXR Plaza, Uniondale, New York, 11556.

9. Upon information and belief, Defendant, BLUE SKY HOSPITALITY SOLUTIONS LLC rebranded into NAVIKA CAPITAL GROUP LLC on February 9, 2020.

10. At all relevant times, Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

## STATEMENT OF FACTS

### Facts Relevant to Plaintiff's Overtime Claim

11. Defendants employed Plaintiff as an office assistant from May 2014 until February 18, 2020.

12. Defendants compensated Plaintiff at a salary rate of $44,750.00 representing only forty (40) hours of work a week.

13. During her employment, Plaintiff's regular schedule was Monday through Friday, 9:00 a.m. to 6:00 p.m. for a regular workweek of forty-five (45) hours.

14. Based upon her recall and recollection, Plaintiff also often worked till 7:00 p.m. one (1) to two (2) days a week.

15. Also, based upon her recall and recollection, Plaintiff was required to work Saturday for approximately four (4) hours one (1) to two (2) times a month.

16. Defendants did not utilize a timekeeping device at the workplace to track hours worked by Plaintiff.

17. Plaintiff was not adequately compensated wages at the overtime wage rate for all hours worked over forty (40) in a workweek.

18. Defendants knowingly and willfully operated business with a policy of not paying Plaintiff wages for hours worked over forty (40) hours in a week at the overtime wage rate in violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

19. At all relevant times, upon information and belief, and during Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

20. Defendants did not provide Plaintiff with an accurate wage statement or summary, accurately accounting for the actual hours worked, and setting forth the hourly rate of pay and overtime wages.

21. Upon information and belief, this was done to disguise the actual number of hours the Plaintiff worked and to avoid paying the overtime wage for all hours worked over forty (40) hours in a week.

22. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the NYLL by failing to maintain accurate and complete timesheets and payroll records.

23. Plaintiff has been substantially damaged by the Defendants' wrongful conduct.

**Facts Relevant to Plaintiff's FMLA Claim**

24. At all times relevant herein, Defendants were all employers within the meaning of Section 101(4) of the FMLA, 29 U.S.C. § 2611(4), as amended, employing over 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

25. At all times relevant herein, Plaintiff had worked for more than twelve (12) months, and more than 1,250 hours in the immediately prior twelve (12) months, for Defendants. Plaintiff thus was an "eligible employee" of Defendants within the meaning of Section 101(2) of the FMLA, 29 U.S.C. § 2611(2), as amended, and was an employee of Defendants who was entitled to leave under Section 102(a)(1)(d) of the FMLA, 29 U.S.C. § 2612(a)(1)(D), as amended.

26. At all times relevant herein, Plaintiff was qualified for her position as an office assistant.

27. In 2019, Plaintiff was diagnosed with breast cancer which, among other things, required chemotherapy treatment.

28. In December 2019, Plaintiff applied for FMLA leave.

29. Defendants approved Plaintiff's FMLA leave starting December 9, 2019.

30. Plaintiff's FMLA leave was set to expire on March 2, 2020.

31. During this time, Plaintiff and Defendants remained in constant contact until early February 2020 regarding the payment of her disability benefits.

32. During this time, Defendants never informed Plaintiff that her position was no longer available nor of any plans in place to terminate Plaintiff's employment.

33. Only until February 18, 2020, when Plaintiff contacted Defendants to inform Defendants that she was cleared by her physician to return to work and inquired as to her return date, did

Defendants inform Plaintiff that we "do not have your position available for you at this time. Please file for unemployment".

34. Upon information and belief, Defendants retaliated against Plaintiff for exercising her rights under the FMLA by refusing to offer Plaintiff her same or similar position.

35. Defendants' termination of Plaintiff's employment also interfered with Plaintiff's rights under the FMLA as Defendants' refusal to allow Plaintiff to return to the same or similar position interfered with Plaintiff's entitlements under the FMLA.

## COUNT 1
### [Violation of the Fair Labor Standards Act]

36. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "35" of this Complaint as if fully set forth herein.

37. At all relevant times, upon information and belief, Defendants was/were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

38. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

39. Upon information and belief, at all relevant times, Defendants has/have had gross revenues in excess of $500,000.

40. Plaintiff was entitled to be paid for all hours worked over forty (40) hours in a week at the overtime wage rate as provided for in the FLSA.

41. Defendants failed to pay Plaintiff compensation in the lawful amount for all hours worked over forty (40) hours in a week as provided for in the FLSA.

42. At all relevant times, each of the Defendants had, and continue to have a policy and practice of refusing to pay Plaintiff for all hours worked over forty (40) hours in a week in a workweek at

the overtime wage rate which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

43. Defendants knowingly and willfully disregarded the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff for all hours worked over forty (40) hours in week at the overtime wage rate when they knew or should have known such was due and that non-payment of a overtime rate would financially injure Plaintiff.

44. Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

45. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

46. Defendants failed to properly disclose or apprise Plaintiff of the rights under the FLSA.

47. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

48. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid wages at the overtime wage rate and, an equal amount as liquidated damages, and prejudgment interest thereon.

49. Plaintiff is entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT 2
### [Violation of the New York Labor Laws]

50. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "49" of this Complaint as if fully set forth herein.

51. The wage provisions of the NYLL apply to Defendants and protect the Plaintiff.

52. Defendants, pursuant to their policies and practices, refused and failed to pay the earned wage at the overtime wage rate to Plaintiff for all hours worked over forty (40) hours in week.

53. By failing to compensate Plaintiff a wage for all hours worked over forty (40) hours in a week at the overtime wage rate, Defendants violated Plaintiff's statutory rights under the NYLL.

54. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

55. Therefore, Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff compensation for all hours worked over forty (40) hours in a week in a workweek at the overtime wage rate.

56. Due to the Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants unpaid wages at the overtime wage rate, reasonable attorneys' fees, and costs and disbursements of this action, under NYLL § 663(1) et al. and § 198.

57. Plaintiff also seeks liquidated damages under NYLL § 663(1).

## COUNT 3
### [Failure to provide a Wage Notice]

58. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "57" of this Complaint as if fully set forth herein.

59. The New York State Wage Theft Prevention Act and NYLL § 195(1) requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

60. Defendants has/have willfully failed to supply Plaintiff with an accurate wage notice, as required by NYLL, § 195(1), within ten (10) days of the start of employment.

61. Through their knowing or intentional failure to provide the Plaintiff with the wage notice required by the NYLL, Defendants willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

62. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty ($50.00) dollars each day that Defendants failed to provide Plaintiff with an accurate wage notice and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-b).

## COUNT 4
### [Failure to provide Wage Statements]

63. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "62" of this Complaint as if fully set forth herein.

64. Defendants has/have willfully failed to supply Plaintiff with an accurate wage statement, as required by NYLL, § 195(3).

65. Through knowingly or intentionally failing to provide the Plaintiff and similarly situated individuals with an accurate wage statement as required by the NYLL, Defendants willfully

violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

66. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars ($250.00) dollars each day that Defendants failed to provide Plaintiff with wage statement and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

## COUNT 5
### [Interference in Violation of 29 U.S.C. § 2615(b)]

67. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "66" of this Complaint as if fully set forth herein.

68. At all times relevant herein, Defendants were all employers within the meaning of Section 101(4) of the FMLA, 29 U.S.C. § 2611(4), as amended.

69. At all times relevant herein, Plaintiff had worked for more than twelve months, and more than 1,250 hours in the immediately prior twelve months, for Defendants. Plaintiff thus was an "eligible employee" of Defendants within the meaning of Section 101(2) of the FMLA, 29 U.S.C. § 2611(2), as amended, and an employee of Defendants who was entitled to leave under Section 102(a)(1)(d) of the FMLA, 29 U.S.C. § 2612(a)(1)(D), as amended.

70. By their various wrongful actions as described above, including but not limited to denying Plaintiff requested leave for which he was eligible and to which he was entitled under the statute, Defendants violated Section 105 of the FMLA, 29 U.S.C. § 2615, as amended.

71. Defendants' actions were willful.

72. As a result of Defendants' wrongful conduct, Plaintiff has suffered, and will continue to suffer, irreparable injury, lost wages and benefits, other monetary damages, mental anguish,

emotional distress, humiliation, and other compensable damages, all in amounts to be determined at trial

## COUNT 6
### [Retaliation in Violation of 29 U.S.C. § 2615(b)]

73. Plaintiff re-alleges and re-avers each and every allegation contained in paragraphs "1" through "72" hereof as if more fully set forth at length herein.

74. At all times relevant herein, Defendants were all employers within the meaning of Section 101(4) of the FMLA, 29 U.S.C. § 2611(4), as amended.

75. At all times relevant herein, Plaintiff had worked for more than twelve months, and more than 1,250 hours in the immediately prior twelve months, for Defendants.

76. At all relevant times herein, Plaintiff was qualified for her position.

77. Plaintiff thus was an "eligible employee" of Defendants within the meaning of Section 101(2) of the FMLA, 29 U.S.C. § 2611(2), as amended, and an employee of Defendants who was entitled to leave pursuant to Section 102(a)(1)(d) of the FMLA, 29 U.S.C. § 2612(a)(1)(D), as amended.

78. By their various wrongful actions as described above, including but not limited to retaliation through the discharging Plaintiff for taking leave for which she was eligible and to which she was entitled under the statute, Defendants violated Section 105 of the FMLA, 29 U.S.C. § 2615, as amended.

79. Defendants' actions were willful.

80. As a result of Defendants' wrongful conduct, Plaintiff has suffered, and will continue to suffer, irreparable injury, lost wages and benefits, other monetary damages, mental anguish, emotional distress, humiliation and other compensable damages, all in amounts to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff request that this Court grant the following relief:

(a) An award of unpaid wages at the overtime wage rate due under the FLSA;

(b) An award of liquidated damages as a result of Defendants' failure to pay wages at the overtime wage rate pursuant to 29 U.S.C. § 216;

(c) An award of unpaid wages at the overtime wage rate under the NYLL;

(d) An award of liquidated damages and statutory penalties as a result of Defendants' failure to pay wages at the overtime wage rate, failure to provide accurate wage notices, and failure to provide accurate wage statements pursuant to the NYLL;

(e) An award of statutory damages for lost wages, benefits, and other compensation under the FMLA;

(f) An award of liquidated damages equal to the amount of statutory damages awarded under the FMLA;

(g) An award of equitable relief in the form of front pay, as considered by the Court, under the FMLA;

(h) An award of equitable relief in the form of compensable damage for pain, suffering, and loss as a result of Defendant's violations of the FMLA;

(i) An award of prejudgment and post-judgment interest;

(j) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(k)     Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
         February 28, 2020

                                                                Respectfully submitted

                                                                By: _____
                                                                       Lawrence Spasojevich (LS 0945)

                                                               By: _____
                                                                       Imran Ansari (IA 1978)